8:26,-cv- 25-JLB-AAS

VERIFIED CIVIL RIGHTS COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF (42 U.S.C. §§ 1983, 1985, 1986)

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION

David A. Freeman,

    Plaintiff,

v.

City of Newton, Massachusetts; Chief George McMains, individually and in his official capacity; Sgt. Rocco D. Marini, individually; City Solicitor Jonah Temple, individually; Assistant City Solicitor Kristen Annunziato, individually; Zachary M. Hurley, individually; and John and Jane Does 1–10,

    Defendants.

Case No. _____

Plaintiff David A. Freeman ("Plaintiff"), appearing pro se, brings this action under 42 U.S.C. § 1983 (and related federal statutes) to vindicate violations of his rights under the First and Fourteenth Amendments to the U.S. Constitution.

RULE 11 CERTIFICATION. Plaintiff certifies that the allegations and factual contentions herein have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. The Complaint is signed by Plaintiff as required by Fed. R. Civ. P. 11(a) .

1.    Plaintiff brings this action under 42 U.S.C. § 1983 to redress Defendants' retaliation against Plaintiff for constitutionally protected speech . Defendants' actions, taken under color of state law, violated Plaintiff's rights under the First Amendment (free speech) and the Fourteenth Amendment (due process) as described below.

2.    Plaintiff is a citizen and domiciliary of Seminole, Florida. The sole actionable conduct challenged herein is Defendants' January 14, 2025 law-enforcement action targeting and criminalizing Plaintiff's speech that originated in Florida.

3.    A separate incident on December 4, 2024 (described below) is pleaded only as background: it constituted ultra vires law enforcement that alerted Defendants to Plaintiff's protected speech, but Plaintiff seeks no relief for December 4, 2024.

IFP

4. After Plaintiff made Defendants aware of the December 4 incident and raised conflicts of interest and credibility concerns about Defendant Hurley, Defendants nevertheless proceeded to criminalize Plaintiff's speech concerning official government conduct and records.

5. Defendants' actions have chilled Plaintiff's speech, exceeded any lawful jurisdiction, deprived Plaintiff of due process, and caused reputational, emotional, and financial harm.

## FEDERAL QUESTION, JURISDICTION, AND VENUE

6. This civil action arises under the Constitution and laws of the United States, including the First and Fourteenth Amendments and 42 U.S.C. §§ 1983, 1985, and 1986 . Defendants acted under color of state law in depriving Plaintiff of federally protected rights.

7. This Court has original subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a) because the claims arise under federal law . In particular, § 1343(a)(3) grants jurisdiction "to redress the deprivation, under color of any State law... of any right... secured by the Constitution" .

8. Venue is proper under 28 U.S.C. § 1391(b)(2) because Defendants intentionally directed the challenged enforcement activities into Florida, where Plaintiff resides, where the speech at issue originated, and where Plaintiff suffered injury.

9. Plaintiff does not seek review or reversal of any state-court judgment, and thus doctrines like Rooker-Feldman do not bar this independent action. Plaintiff alleges injuries caused by Defendants' conduct before and outside any valid adjudication in state court.

10. This Court also has personal jurisdiction over Defendants because they purposefully directed actions toward Plaintiff in Florida. Under the Due Process Clause, jurisdiction exists where a defendant has "certain minimum contacts" with the forum so that litigation does not offend traditional notions of fair play . Defendants' intentional targeting of Plaintiff's Florida speech satisfies this standard.

## COMPLIANCE WITH PLEADING RULES

11. Plaintiff has complied with Fed. R. Civ. P. 8, 10, and 11. The allegations are set forth in short, plain, and numbered paragraphs as required by Rule 10(b) , giving Defendants fair notice of Plaintiff's claims. The Complaint provides a short and plain statement of the claims showing entitlement to relief . It is signed by Plaintiff as required by Rule 11(a) .

## PARTIES

12. Plaintiff David A. Freeman is a Florida domiciliary residing in Seminole, Florida. He proceeds pro se.

13. Defendant City of Newton, Massachusetts is a municipal corporation organized under Massachusetts law. The City is responsible for law-enforcement policy, training, supervision, discipline, and ratification of Defendants' challenged conduct.

14. Defendant George McMains is Chief of Police for the Newton Police Department. As Chief, McMains is a final policymaker for the department and had supervisory authority to prevent or stop unlawful law-enforcement actions. He acted under color of state law.

15. Defendant Rocco D. Marini is a Sergeant in the Newton Police Department who initiated and advanced the challenged enforcement course. He acted under color of state law.

16. Defendant Jonah Temple is the City Solicitor for Newton. After receiving actual notice of the constitutional and jurisdictional defects alleged herein, he had authority to prevent or halt the unlawful enforcement but failed to do so. He acted under color of state law.

17. Defendant Kristen Annunziato is an Assistant City Solicitor for Newton. Like Temple, she received notice of defects and had authority to intervene but failed to act. She acted under color of state law.

18. Defendant Zachary M. Hurley is a private individual (the subject of Plaintiff's protected speech). Plaintiff alleges Hurley knowingly and willfully participated in a joint activity with state actors (providing statements used as the basis for enforcement) despite conflicts of interest.

19. Defendants John and Jane Does 1–10 are unknown persons who approved, supervised, or concealed the actions alleged. These fictitious Defendants will be identified after reasonable discovery.

FACTUAL ALLEGATIONS

A. Protected Speech Originating in Florida

20. On or about December 2, 2024, Plaintiff engaged in speech concerning government conduct, police activity, and official records.

21. Plaintiff's speech addressed matters of public concern and is therefore protected by the First Amendment . For example, Plaintiff reposted a link to a publicly available civil-service denial decision concerning Defendant Hurley's official status. The Supreme Court has held that "a State may not... impose sanctions on the accurate publication" of information obtained from public judicial or government records . Such truthful

commentary about governmental affairs is fully protected speech.

22. The speech at issue originated in Florida. Plaintiff did not travel to Massachusetts or otherwise enter Massachusetts to make these posts; they were made via internet/social media while Plaintiff was in Florida.

23. Plaintiff alleges there was no valid order term that lawfully prohibited Plaintiff's speech about government conduct on matters of public concern. No valid predicate was pleaded to criminalize such speech in Florida.

B. December 4, 2024 Ultra Vires Predicate (Background Only; Notice and Motive)

24. On December 4, 2024, Defendant Marini purported to invoke judicial authority that did not exist in order to compel Plaintiff's compliance with Hurley's orders.

25. The Newton clerk's office later confirmed that no such judicial authority existed.

26. Plaintiff seeks no relief for the December 4, 2024 incident; it is pleaded solely as background and as notice of the subsequent course of conduct.

C. Written Notice (Dated 2025; Actual Knowledge)

27. On February 7, 2025, Plaintiff transmitted written notice to Defendants identifying the constitutional, jurisdictional, and evidentiary defects in any contemplated enforcement of Hurley's orders against Plaintiff's protected speech.

28. On February 20, 2025, Plaintiff sent additional written notice warning that any continued enforcement would constitute impermissible retaliation and misuse of law-enforcement and judicial process.

29. On March 30, 2025, Plaintiff sent formal notice pointing out that the referenced Massachusetts process was not registered, served, or domesticated in Florida under 18 U.S.C. § 2265, and warning that enforcement without legal predicate would be void.

30. All of Plaintiff's notices were formally served on Defendants.

31. Despite receiving these notices, Defendants did not withdraw or halt the enforcement course; instead, they proceeded to escalate efforts to prosecute Plaintiff.

D. January 14, 2025 Enforcement (Actionable Event)

32. On January 14, 2025, Defendant Marini initiated a criminal enforcement action against Plaintiff. According to Newton Police reports (attached as evidence), he charged Plaintiff in Massachusetts with a 209A restraining-order violation based solely on social-media posts Plaintiff made from Florida .

33. Plaintiff alleges this enforcement was directed at him in Florida and arose from his Florida-originating, protected speech about government conduct. It was done without meeting any legal prerequisites.

34. The Newton police report acknowledged that Hurley had a Massachusetts restraining order (expiring December 9, 2025) against Plaintiff, who was in Florida . Hurley had shown the officer social-media posts by Plaintiff. The officer noted that Plaintiff's posts included derogatory statements about Hurley and a link to an official civil-service decision involving Hurley .

35. Notably, the report identified no lawful basis for a restraining-order violation. It alleged no conduct by Plaintiff in Florida that violated any specified order term, no contact with any protected person, and no mental state beyond speech.

36. Plaintiff alleges the officer's report alleged no Florida-specific jurisdictional facts supporting prosecution of Plaintiff in Florida for these posts. At most it repeated bare references to a Massachusetts order and a purported violation.

37. The enforcement plainly relied on statements Hurley provided. Plaintiff had given Defendants written notice of Hurley's conflicts of interest and credibility defects (the prior concealment and the civil-service issue). Nevertheless, Defendants relied on Hurley's statements without disclosing any of these defects.

38. In sum, Defendants targeted Plaintiff's protected expression in Florida and initiated criminal charges solely to punish that speech.

E. Interstate Non-Operation / Lack of Lawful Predicate

39. Plaintiff alleges that the Massachusetts restraining order and related process were never registered, domesticated, served, or enforced in Florida as required by federal law. Under 18 U.S.C. § 2265, out-of-state protection orders only have full faith and credit if the issuing state has jurisdiction and provides notice . Here, Massachusetts had no personal jurisdiction over Plaintiff (a Florida resident), and Plaintiff received no Florida hearing or registration of any order.

40. Defendants did not coordinate with any Florida authorities prior to initiating enforcement against Plaintiff in Florida. No Florida court or law-enforcement official participated or approved.

41. The absence of any lawful interstate enforcement predicate rendered the entire enforcement course jurisdictionally defective and void as applied to Plaintiff in Florida.

F. Concealment and Tainted Record (Continuing Course-of-Conduct)

42. Plaintiff alleges that Defendants proceeded with enforcement after notice while omitting material facts, jurisdictional issues, and authority from the record. By doing so, Defendants invited reliance on an incomplete and misleading record that concealed the lack of lawful authority, jurisdiction, and predicate for prosecuting Plaintiff . Defendants' omission of these crucial facts and their persistence in the enforcement course (despite knowledge of defects) embody a corruption of process in violation of Plaintiff's rights.

CAUSES OF ACTION

COUNT I — FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)

43. Plaintiff re-alleges and incorporates Paragraphs 20–42 above.

44. Plaintiff engaged in constitutionally protected speech on matters of public concern .

45. Defendant Marini, acting under color of state law, took adverse action by initiating the January 14, 2025 enforcement course directed at Plaintiff in Florida.

46. This enforcement action would chill a person of ordinary firmness from continuing to speak about government conduct.

47. The adverse action came after actual notice of Plaintiff's protected speech and for the purpose of suppressing that speech. In particular, Defendants began enforcement immediately after Plaintiff disclosed the predicate incident and conflicts. The timing, escalation, and persistence of enforcement despite Plaintiff's First Amendment activity show a retaliatory motive.

48. Defendants also lacked probable cause or any lawful predicate for the charges. Indeed, Plaintiff's postings merely republished truthful government information. As the Supreme Court held, "the State may not, consistently with the First and Fourteenth Amendments, impose sanctions on the accurate publication" of information from public records . Any penalization of Plaintiff's truthful speech about Hurley was therefore unlawful.

49. Defendants Temple and Annunziato, having received notice of the constitutional defects and possessing authority to intervene, failed to prevent or halt continuation of the retaliatory enforcement, thereby ratifying the conduct.

50. Defendant McMains, as Chief of Police, received the same notice and similarly failed to intervene, allowing the retaliatory course to continue.

51. Defendant City of Newton is liable to the extent the retaliatory enforcement was caused by municipal policy, custom, or the deliberate indifference or ratification of city officials after notice. Under Monell v. Dep't of Soc. Servs., a municipality may be liable if official action or inaction was the moving force behind constitutional violations. Here, City policy or custom of allowing unlawful enforcement was the moving force behind Plaintiff's injuries.

52. Defendant Hurley is liable to the extent he willfully participated in joint activity with state actors. By providing false or misleading statements used as the basis for prosecution — after Plaintiff had identified Hurley's conflicts — Hurley acted in concert with Defendants to deprive Plaintiff of his rights.

53. As a direct and proximate result of Defendants' conduct, Plaintiff suffered injury. Defendants' actions violated Plaintiff's right to free speech under the First Amendment.


COUNT II — FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS (42 U.S.C. § 1983)

54. Plaintiff re-alleges and incorporates Paragraphs 20–42 above.

55. Defendants, under color of state law, deprived Plaintiff of a liberty interest (freedom from malicious prosecution, preservation of reputation, and freedom of expression) without due process of law. The Fourteenth Amendment provides that no state shall "deprive any person of … liberty … without due process of law" . Defendants provided no advance notice or hearing before subjecting Plaintiff to criminal prosecution.

56. The Mathews v. Eldridge factors demand robust procedural safeguards here. The private interests (Plaintiff's speech and liberty) are significant, while the risk of erroneous deprivation through the procedures used is high (no pre-deprivation hearing), and the government interest in this summary enforcement is minimal. Under Mathews, "the extent to which procedural due process must be afforded" depends on balancing these factors . Here, due process required notice and an opportunity to be heard in Florida before depriving Plaintiff of liberty. Defendants provided none.

57. Defendant Marini is liable to the extent he initiated and pursued the enforcement without due process.

58. Defendants Temple and Annunziato are liable to the extent that, after actual notice of the violations, they failed to prevent or halt the unlawful enforcement. Their acquiescence deprived Plaintiff of procedural protections.

59. Defendant McMains is liable to the extent he failed to supervise or stop the enforcement after notice.

60. Defendant City of Newton is liable to the extent municipal policy, custom, or deliberate indifference permitted these due-process deprivations.

61. As a direct and proximate result, Plaintiff was deprived of his liberty and property interests without due process.

## COUNT III — CORRUPTION OF PROCESS / MATERIAL OMISSIONS (42 U.S.C. § 1983)

62. Plaintiff re-alleges and incorporates Paragraphs 20–42 above.

63. Defendants advanced the criminal enforcement while omitting from the record material facts and legal authority necessary to justify that enforcement. Specifically, they failed to disclose the absence of jurisdictional predicate (18 U.S.C. § 2265 compliance) and the lack of any lawful order violation, as well as the conflicts and credibility issues with Hurley's statements .

64. Defendant Marini is liable for omitting these facts and false presentation of the enforcement in the records he created and submitted.

65. Defendants Temple and Annunziato are liable because, upon notice of these omissions and defects, they failed to correct the record or halt enforcement, thereby causing continuation of the improper prosecution.

66. Defendant McMains is liable to the extent he failed to supervise or stop the proceedings despite notice of the corruption of process.

67. Defendant Hurley is liable because his statements — central to the prosecution — were used without disclosure of their falsity, conflicts, or bias.

68. By omitting material truths and proceeding in bad faith, Defendants caused a "corruption of the process" that violated Plaintiff's rights under the Fourteenth Amendment.

## COUNT IV — MUNICIPAL LIABILITY (42 U.S.C. § 1983)

69. Plaintiff re-alleges and incorporates Paragraphs 20–42 above.

70. The City of Newton had customs, practices, or policies of deliberate indifference that permitted or ratified the enforcement actions after notice of constitutional and jurisdictional defects. For example, Newton failed to train or supervise its officers in

interstate enforcement or in recognizing unlawful ex parte actions.

71. Plaintiff further alleges that Newton's municipal actors ratified the enforcement course after being informed of its constitutional defects. This ratification was a moving force behind Plaintiff's injuries.

72. Under Monell, a municipality is liable where an official policy or custom causes a constitutional injury . Here, City policy or acquiescence in unlawful enforcement caused the deprivation of Plaintiff's rights.

## COUNT V — CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. § 1985)

73. Plaintiff re-alleges and incorporates Paragraphs 20–42 above.

74. Defendants conspired and reached an agreement to misuse the police and court process to chill Plaintiff's protected speech originating in Florida. The common objectives of the conspiracy included punishing Plaintiff for speech.

75. Defendants committed overt acts in furtherance of this conspiracy, including initiating and pursuing the January 14, 2025 enforcement course after notice of its illegality. They willfully continued the scheme despite knowing it violated Plaintiff's rights.

76. As a direct result of this conspiracy, Plaintiff was injured. (Alternatively, if a § 1985 claim is not cognizable absent a protected class, Plaintiff still has a claim under § 1983 against the conspirators, as above.)

## COUNT VI — NEGLECT TO PREVENT (42 U.S.C. § 1986)

77. Plaintiff re-alleges and incorporates Paragraphs 20–42 and 73–76 above.

78. After having knowledge of the § 1985 conspiracy (as alleged) and possessing power to prevent or halt it, Defendants Temple, Annunziato, McMains, and City of Newton neglected or refused to prevent the conspiracy from taking effect. Each of these municipal actors had the ability to stop the conspiratorial course but failed to do so .

79. As a direct result of this neglect, the conspiracy proceeded and Plaintiff was injured.

## DAMAGES AND RELIEF

80. Plaintiff seeks nominal damages of $1.00 for each constitutional violation, as a declaration of wrongdoing.

81. Plaintiff seeks compensatory damages in an amount to be proven at trial, including damages for reputational and financial harm caused by Defendants' actions.

82. Plaintiff seeks punitive damages against the individual Defendants to the extent permitted by law, to punish and deter the willful misconduct described above.

83. Plaintiff seeks a declaratory judgment that Defendants' enforcement course violated Plaintiff's rights under the First and Fourteenth Amendments.

84. Plaintiff seeks an injunction expunging or correcting any criminal or administrative records tainted by the unlawful enforcement, to the extent allowed by law.

85. Plaintiff seeks costs and any other relief the Court deems just and proper.

86. Plaintiff requests disclosure of any insurance agreement under which an insurer may satisfy all or part of a judgment against any Defendant, as required by Fed. R. Civ. P. 26(a)(1)(A)(iv).

87. Plaintiff demands a trial by jury on all issues so triable.


VERIFICATION

88. I declare under penalty of perjury that the foregoing is true and correct.

01/01/2026

Dated: _____, 2025

/ s / David A. Freeman

David A. Freeman, Pro Se

Seminole, Florida